UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Charles Banks, III                              Case No.   3:17-cv-2659

           Plaintiff

     v.                                          MEMORANDUM OPINION
                                                 AND ORDER
Michelle Turner, *et al.*,

           Defendants

## Introduction

*Pro se* plaintiff Charles Banks III, a state prisoner incarcerated in the Marion Correctional

Institution, filed this *in forma pauperis* civil rights action against two prison employees (Defendants S.

Welch and Anthony Lucki) and a prisoner food service worker (Defendant Michelle Turner) under

42 U.S.C. § 1985.   (Doc. No. 1.)   His complaint alleges the defendants conspired to deprive him of

his right to free speech under the First Amendment.

Specifically, he alleges he was disciplined after he refused to comply with orders while

working on his assigned job in the prison café.   First, he refused to comply with a request by

Defendant Welch, a security officer, to clean up his work station while the meal was still in progress,

"stat[ing] that line clean up was done by set-up, and assigned workers at the end of the meal."

Welch allegedly then called Defendant Turner, a contract food service worker, who told the plaintiff

to quiet down and continue working.   The plaintiff "did not comply" with Turner's request either,

but instead "continued to speak" allegedly because "contract workers are not authorized officially to

order workers to be silent."

Turner "pulled [the plaintiff] from the serving line," Welch handcuffed and escorted him to a holding cell, and he was subsequently found guilty by Defendant Lucki, a hearing officer, of violating a prison rule prohibiting disobedience of a direct order.

Based on these allegations, the plaintiff alleges all of the defendants "acted personally" against him to deny him his First Amendment right to free speech, for which he seeks $1.5 million in damages and the removal of the conduct report from his state correctional record.

## Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), federal district courts are required, under 28 U.S.C. §§ 1915(e) and 1915A, to review all *in forma pauperis* actions and all actions in which a prisoner seeks redress from governmental employees, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.   *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).   In order to state a claim on which relief may be granted, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hill*, 630 F.3d at 470-71.

## Analysis

Even according the plaintiff's complaint the deference to which a *pro se* pleading is entitled, it fails to state any plausible claim for relief under the First Amendment.

While prisoners do not surrender all rights under the First Amendment, their "free speech rights are uncontrovertedly limited by virtue of their incarceration."   *Thaddeus-X v. Blatter*, 175 F.3d 378, 392 (6th Cir. 1999).   "[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system."   *Pell v. Procunier*, 417 U.S. 817, 822 (1974).   Thus, while a prisoner has a First Amendment right to express grievances against prison officials without retaliation, he does not have

right to do so in a manner that is confrontational or insubordinate, in violation of a legitimate prison regulation. *See, e.g., Smith v. Campbell*, 250 F.3d 1032 (6th Cir. 2001) (holding that prisoner's filing grievances against prison officials in manner that violated legitimate prison regulations and objectives in light of his aggressive attitudes and his attempts to intimidate staff members, was not protected activity). *See also Perdue v. White*, No. 7: 14-CV-2143, 2015 WL 4086390, at *5 (N.D. Ala. July 6, 2015) (holding that insubordinate acts or speech directed to prison officials not entitled to First Amendment protection); *Davis v. Bracewell*, No. 2: 08 CV 059, 2010 WL 2773341, at *3 (N.D. Ga. July 13, 2010) (finding no First Amendment claim where the plaintiff was disciplined after becoming insubordinate and refusing to obey direct orders to be quiet and stop arguing).

The plaintiff's allegations indicate he was disciplined because he was insubordinate and refused to comply with orders given to him. They do not support a plausible inference that he was disciplined, or that any defendant retaliated against him, because he expressed a grievance in violation of his rights under the First Amendment. "[A]ctual insubordination in the prison setting, no matter how exhibited, is not afforded First Amendment protection." *Perdue*, 2015 WL 4086390 at *5.

## Conclusion

There being no viable First Amendment claim alleged in the complaint, the plaintiff's application to proceed *in forma pauperis* (Doc. Nos. 2, 4) is granted and his complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e) and 1915A. The plaintiff's motion for a default judgment (Doc. No. 7) is denied as moot. I further certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge